## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA and<br>PEOPLE OF THE VIRGIN ISLANDS,   )<br>    )<br>Plaintiffs,   )<br>    )<br>v.   )<br>    )<br>DAMION BELL,   )<br>    )<br>Defendant.   )<br>_____) | CRIM. NO. 2008/0003 |

## MEMORANDUM OPINION

Finch, J.

THIS MATTER comes before the Court on Defendant Damion Bell's Motion to Dismiss Count III of the Indictment. Bell moves pursuant to 18 U.S.C. § 3161(b) and the District Court of the Virgin Islands Speedy Trial Act of 1974 Plan for the Disposition of Criminal Cases [hereinafter the Speedy Trial Plan] for dismissal with prejudice of Count III, alleging unauthorized possession of a firearm in violation of territorial law, 14 V.I.C. § 2253(a).

Bell was arrested on December 26, 2007. The next day, he was advised of his rights in the Superior Court of the Virgin Islands. On February 5, 2008, Bell was charged in the Superior Court by Information with violation of 14 V.I.C. § 2253(a) along with other territorial law violations. He was arraigned on February 6, 2008.

Territorial and federal prosecutors decided to prosecute Bell in the District Court of the Virgin Islands, rather than in Superior Court and the Government of the Virgin Islands dismissed the charges against Bell on February 8, 2008 without prejudice. On February 12, 2008, pursuant to a federal warrant, Bell was arrested a second time. Bell was indicted in this Court on February 19, 2008. Thus, the present Indictment was filed more than thirty days after Bell's initial arrest

on December 26, 2007, but less than thirty days after his second arrest

The Speedy Trial Plan extends the federal Speedy Trial Act, 18 U.S.C. §§ 3161-3174, to prosecutions of territorial crimes in the District Court.  United States v. McIntosh, 229 F. Supp.2d 431, 435 (D.V.I. 2002).  Bell maintains that given the teachings of United States v. McIntosh, the territorial charge against him should be dismissed with prejudice.

In McIntosh, the defendant was arrested by territorial law enforcement officials.  Id. at 433.  Charges were brought against him in the Territorial Court of the Virgin Islands (now referred to as the Superior Court of the Virgin Islands) for territorial gun offenses.  Id.  Nearly sixty days after his arrest, the defendant was indicted in federal court on the same territorial charges and similar federal gun charges for the same conduct.  Id.  The Territorial Court case was subsequently dismissed without prejudice.  Id.   The defendant then moved to dismiss the territorial charges against him pending in District Court for violation of the Speedy Trial Plan. Id.  Because more than thirty days elapsed between the defendant's arrest and the filing of the indictment, and Chapter II, section 3(a) of the Speedy Trial Plan mandates a thirty-day time limit, the District Court dismissed the territorial charges.  Id. at 435.

Plaintiffs, United States of America and People of the Virgin Islands, in opposition to Bell's contention that the Court should follow the reasoning of McIntosh, argue that the thirty days should be counted from the time Bell was arrested pursuant to the federal arrest warrant, not his initial arrest.  The Speedy Trial Plan's provision which limits the time within which an indictment or information must be filed states in Chapter II, section 3(a):

> Time Limits.  If an individual is arrested or served with a summons and the complaint charges an offense to be prosecuted in this district, any indictment or information subsequently filed in connection with such charge shall be filed within 30 days of arrest

2

or service.

The meaning of the term "arrest," as defined in Chapter II, section 3(b), encompasses being arrested on a territorial charge, as well as being held in custody by a territorial official for the sole purpose of responding to a territorial charge:

> Measure of Time Periods.  If a person has not been arrested or served with a summons on a Federal or Territorial charge, an arrest will be deemed to have been made at such time as the person (i) is held in custody solely for the purpose of responding to a Federal or Territorial official charge; (ii) is delivered to the custody of a Federal or Territorial official in connection with a Federal or Territorial charge; or (iii) appears before a judicial officer in connection with a Federal or Territorial charge.

Plaintiffs suggest that the term "district" used in Chapter II, section 3(a) means "District Court."  Reading sections 3(a) and 3(b) in context, the Court can find no basis for so limiting the construction of the term "district."  Thus, the Court finds that the prosecution of Bell for violation of 14 V.I.C. § 2253(a) would violate the Speedy Trial Plan.  Therefore, the Court must dismiss Count III of the Indictment.

In determining whether to dismiss with or without prejudice, the Court, adhering to Chapter II, section 10(a) of the Speedy Trial Plan, considers three factors: "(1) the seriousness of the offense charged; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice."  See McIntosh, 229 F. Supp.2d at 435.  No single factor is treated as dispositive.  See id.

As to the first factor, although the territorial charge of unlawful possession of a firearm is a serious offense, Bell is charged with the equivalent federal crime. See id. at 435-36.  Therefore, a dismissal with prejudice of the territorial count would not result in the crime going

unprosecuted.  Id. at 436.  The second factor also weighs in favor of dismissal with prejudice in that Plaintiffs chose to bring the offense in the District Court and to voluntarily dismiss in the Superior Court. See id.  Thus, the late filing of the Indictment "was caused solely by the strategic decision of the United States and not by any circumstance beyond its control."  See id.  Finally, with regard to the third factor, the Court recognizes that Bell can only be reindicted in this Court on the territorial gun charge if Plaintiffs voluntarily dismiss the federal gun charges and re-present both to the grand jury.  See id.  If Plaintiffs do not seek such a reindictment, dismissal of the territorial count might prompt initiation of prosecution in the Superior Court once again.  See id.

The second two factors outweighed the first factor, particularly since Bell still faces prosecution on the virtually identical federal gun charge.  Id.  The facts and circumstances of the case which led to the dismissal would not warrant dismissal with prejudice.  However, there is no sense in jeopardizing the Speedy Trial Act and the administration of justice in the Territory of the Virgin Islands, for little or no gain to society, by allowing Bell to be reprosecuted on the nearly identical territorial charge.  As in McIntosh, the Court will dismiss the territorial charge with prejudice "to preserve the integrity of the administration of the Speedy Trial Act and the administration of justice in the Territory of the Virgin Islands."  Id.  Accordingly, the Court dismisses Counts III against Bell with prejudice.

ENTER:

**DATED:**      May 5, 2008                    _____/s/_____
                                               RAYMOND L. FINCH
                                               DISTRICT JUDGE

4