# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and | ) | |
| GOVERNMENT OF VIRGIN ISLANDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 2008-03 |
| v. | ) | |
| | ) | |
| DAMION BELL | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>MEMORANDUM OPINION</u>

FINCH, SENIOR JUDGE

THIS MATTER comes before the Court on a Motion for Judgment of Acquittal or, in the alternative, Motion for New Trial filed by Defendant Damion Bell.  The United States of America opposes Defendant's Motion.

## I.   FACTUAL FINDINGS AND BACKGROUND

On December 26, 2007 around 11:30 p.m., Officers Robin Richards, Roland Richardson, Franchet Hodge, Orlando Benitez, Alinthia Carbon and Sgt. Sidney Elskoe of the Virgin Islands Police Department ("VIPD") were driving out of Frederiksted town in an unmarked police vehicle.  While on Queen Street, the Officers noticed a black vehicle traveling behind their vehicle without its headlights displayed. The black colored vehicle, later identified as a four door Honda Civic license plate # CDL-669, trailed behind the unmarked police vehicle for several minutes with its headlights off.  The black colored vehicle then overtook the unmarked police vehicle on a solid double yellow line in the vicinity of Mars Hill in a residential area.  A traffic

1

stop was conducted and the driver, Defendant Damion Bell, was asked for his driver's license. Defendant stated that he did not possess a valid driver's license and he was subsequently told to exit the vehicle. Two passengers remained in the vehicle. Ms. Ariffa Perinon was sitting in the front passenger seat and Rashawn Fredericks was sitting in the right side of the rear seat.

After Defendant exited the vehicle leaving the car door open, Officer Richards observed what appeared to be a silver colored magazine with live rounds of ammunition in it, protruding from under the driver's seat. Defendant was then placed under arrest and verbally advised of his Miranda rights. Ms. Perinon was ordered out of the vehicle at this time. A search of the vehicle revealed that a dark colored 9mm handgun was located under the driver's seat with ten live rounds in the clip, one live round in the chamber and an extra clip containing ten live rounds. Ms. Perinon was asked if she possessed a firearm license to which she replied no. She was then placed under arrest and verbally advised of her Miranda rights.

Defendant stated freely that the firearm belonged to him and that he purchased it from a "crack head" for seventy five dollars. Defendant was asked if he possessed a firearm license, and he answered no, and stated further that he had previously been arrested for having an illegal gun and was currently on probation. A firearms license records check confirmed that Defendant did not have a firearms license in the Virgin Islands. Defendant and Ms. Perinon were then transported to the Patrick Sweeney police station for processing.

Defendant was charged in an indictment dated February 19, 2008 with three counts: Count One charged possession of a firearm by a convicted felon in violation of 18 U.S.C. 922(g); Count Two charged possession of ammunition by a convicted felon in violation of 18 U.S.C. 922(g); and Count Three charged unauthorized possession of a firearm in violation of 14 V.I.C.

2

2253(a).  Count Three was dismissed prior to trial. A Motion to Suppress was filed by the

Defendant on March 18, 2008 and was denied by the Court after an evidentiary hearing.

Trial commenced on October 14, 2008, but was interrupted by Hurricane Omar.  It continued

on October 20 and concluded on October 22, 2008.  Defendant's Rule 29 Motion, made after the

close of the Government's case, was denied.  A jury convicted Defendant on Counts One and

Two.  Defendant filed the Motion for Judgment of Acquittal or in the Alternative New Trial on

October 24, 2008.  Defendant submits that his Motion for Judgment of Acquittal should be

granted as there was insufficient evidence when viewed in a light most favorable to the

Government from which a jury could find his guilt.  In the alternative, Defendant argues that he

should receive a new trial.

## II.  JUDGMENT OF ACQUITTAL

### A.  Standard of Review

When deciding a motion for a judgment of acquittal for insufficiency of the evidence

after the jury has found the defendant guilty, the court must determine whether, in viewing the

evidence in the light most favorable to the government, the government has presented substantial

evidence upon which a rational juror could have found the essential elements of the offenses

beyond a reasonable doubt.  United States v. Brown, 3 F.3d 673, 680 (3d Cir. 1993); see United

States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1986); United States v. Castro, 776 F.2d 1118,

1125 (3d Cir. 1985); United States v. Dixon, 658 F.2d 181, 188 (3d Cir. 1981); Fed. R. Crim. P.

29.  "The standard is the same when an appellate court reviews a jury verdict for insufficiency.

In reviewing a jury verdict for sufficiency of the evidence, [the Appellate Court] must consider

the evidence in the light most favorable to the government and affirm the judgment if there is

substantial evidence from which a rational trier of fact could find guilt beyond a reasonable doubt."  Brown, 3 F.3d at 680 (citation and internal quotations omitted); see United States v. Ntreh, 2003 U.S. Dist. LEXIS 25386, *2 (D.V.I. 2003).

A defendant challenging the sufficiency of the evidence bears a heavy burden.  United States v. Samuels, 741 F.2d 570, 573 (3d Cir. l984).  The court will not assess the credibility of witnesses or re-weigh the evidence but, rather, is held to the jury's verdict absent a showing the prosecution failed to carry its burden to establish the essential elements of the crime at trial. United States v. Wasserman, 418 F.3d 225, 237 (3d Cir. 2005); see United States v. Applewhaite, 1999 U.S. App. LEXIS 28149 (3d Cir. 1999); United States v. Davis, 1999 U.S. App. LEXIS 16653 (3d Cir. 1999); United States v. Thomas, 114 F.3d 403 (3d Cir. 1997); United States v. Fredericks, 38 F.Supp. 2d 396 (D.V.I. 1999).  The court must presume that the jury properly evaluated credibility of the witnesses, found the facts, and drew rational inferences. Wasserman, 418 F.3d at 237; see also United States v. Casper, 956 F.2d 416, 421 (3d Cir. 1992) (citations omitted) ("In determining whether evidence is sufficient, we will not weigh the evidence or determine the credibility of witnesses").  It is the defendant's burden to show a complete failure of the prosecution to establish the essential elements of the claim.  See Newton v. Gov't of the Virgin Islands, 2005 U.S. Dist. LEXIS 43809 (D.V.I. 2005); see also United States v. Syme, 276 F.3d 131,156 (3d Cir. 2002) ("[O]nly when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt, may an appellate court overturn the verdict"); Casper, 956 F.2d at 421 ("Acquittal on the grounds of insufficient evidence should be confined to those cases where the failure of the prosecutor is clear").

**B.  <u>Discussion</u>**

Defendant argues that, based on the evidence presented, a reasonable jury could not find that the government established all of the requisite elements to prove that he knowingly possessed a firearm or ammunition.  The Court disagrees.

The elements of Count 1 for unlawful possession of a firearm are as follows:

(1) the Defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year

(2) the Defendant thereafter knowingly possessed the firearm described in the indictment; and

(3) the Defendant possessed the firearm in or affecting interstate commerce.

<u>See</u> 18 U.S.C. §§ 922(g)(1), 924(a)(2).

The elements of Count 2 for unlawful possession of ammunition are as follows:

(1) the Defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year

(2) the Defendant thereafter knowingly possessed the ammunition described in the indictment; and

(3) the Defendant possessed the ammunition in or affecting interstate commerce.

<u>See</u> 18 U.S.C. §§ 922(g)(1), 924(a)(2).

Defendant admitted to owning the firearm[1] located in the vehicle after receiving Miranda Warnings.  <u>See</u> App., 58A:9.  The back seat passenger of the vehicle, Rashawn Fredericks, initially stated during direct examination that he did not see Defendant with a gun prior to the

---

[1] The firearm contained ten live rounds of ammunition in the clip and one live round of ammunition in the chamber.

officers stopping the vehicle.  See App., 159A:24 - 161A:6.  However, Fredericks later admitted

that he had previously stated to the government that he observed Defendant taking the gun from

out of his waist and placing it under the driver's seat, prior to being pulled over by officers.  See

App., 161A:7 - 9.  Velma Williams Manning, a former Police Officer of the Virgin Islands

Police Department in St. Thomas, testified that Defendant had previously been convicted for an

offense punishable by imprisonment for a term exceeding one year.  See App., 169A:22 - 25.

Agent Oxley, from the Bureau of Alcohol, Tobacco and Firearms, testified regarding the make

and model of the firearm as well as the location of the manufacturer.  See App., 189A:22 -

190A:3.  He also testified that the firearm and ammunition traveled in interstate commerce.  See

App., 190A:3 - 9.

The Court finds that the testimony of all of the government's witnesses presented at trial,

when viewed in the light most favorable to the verdict, provided the jury with substantial

evidence that Defendant possessed a firearm and ammunition while being a convicted felon.  See

Coleman, 811 F.2d at 807.  Therefore, Defendant's Motion for Judgment of Acquittal is denied.

## III.  NEW TRIAL

### A.  Standard of Review

Under Rule 33 of the Federal Rules of Criminal Procedure, a court may grant a

defendant a new trial if it is in the interest of justice.  See Fed. R. Crim. P. 33.  The question

presented on a Rule 33 motion is whether the verdict is contrary to the weight of the evidence

and a miscarriage of justice may have resulted.  See Government of the Virgin Islands v. Lima,

774 F.2d 1245, 1250 (3d Cir. 1985); United States v. Iannelli, 528 F.2d 1290, 1292 (3d Cir.

1976).  Under Rule 33, the court weighs the evidence and credibility of witnesses.  Government

of Virgin Islands v. Leycock, 93 F.R.D. 569, 571 (D.V.I. 1982); see U.S. v. Byrne, 451 F. Supp.

109 (E.D. Pa. 1978), 2 C. Wright, Federal Practice & Procedure § 553, at 486 (1969).  If the

evidence preponderates heavily against the verdict, the court, having cautiously considered all of

the evidence, may exercise its discretion to order a new trial.  Leycock, 93 F.R.D. at 571.

However, such an exercise of discretion is to be used only in exceptional circumstances.  Id.; see

U.S. v. Kermidas, 332 F.Supp. 1312, 1316 (M.D. Pa.1971).  A court may grant a new trial if trial

error had a substantial influence on the jury verdict.  See Government of the Virgin Islands v.

Smalls, 950 F. Supp. 698 (D.V.I. 1996).  The trial judge may not set aside the verdict simply

because he came to a different conclusion than the jury.  Ntreh, 2003 U.S. Dist. LEXIS 25386, at

*2; see Schirra v. Delaware L. & W. R. Co., 103 F. Supp. 812, 820 (M.D. Pa. 1952).

### B.  Discussion

Defendant argues that he should be granted a new trial because (1) the Court did not give a

mere presence instruction, (2) the Court allowed the government to reopen its case in chief at a

time when Defendant had rested, and (3) the government failed to give Defendant statements of

Officer Robin Richards pursuant to 18 U.S.C. Section 3500 and Federal Rules of Criminal

Procedure Rule 26.2, where he stated that Ariffa Perinon said she had knowledge that Defendant

had a firearm.  The Court will address each of Defendant's arguments in turn.

### 1.  *Mere Presence Instruction*

Defendant argues that a "mere presence" instruction was necessary since a jury could

have concluded that he was merely present in the vehicle and had no knowledge that a crime was

being committed or about to be committed.  The Court instructed the jury of the following,

regarding knowingly possessing the firearm:

> There are several types of possession: Actual possession, constructive possession, sole possession and joint possession. The possession is considered to be actual when a person knowingly has exercised direct physical control or authority over something. The possession is called constructive when a person does not have direct physical control over something, but can knowingly control it, and intends to control it through some other person. The possession may be knowingly exercised by one person exclusively, which is called sole possession, or the possession may be knowingly exercised jointly when it is shared by two or more persons.

App., 289A:23 - 290A:11.

The jury instructions that were read to the jury covered Defendant's "mere presence" instruction because the jury would not be able to conclude that merely being present in the area of the firearm would be enough to find Defendant in possession, without establishing that he knowingly exercised direct physical control over the firearm or could knowingly control it and intended to control it through some other person.  Consequently, the Court finds that Defendant was not prejudiced by its decision not to include a mere presence instruction.  In light of the instructions that were read to the jury and the evidence presented at trial, the Court finds that a "mere presence" instruction was not necessary in this case.[2]

### 2. *Government's Re-opening of Case*

Defendant argues that the Court erred in allowing the government to reopen its case in chief after Defendant rested.  During its case in chief, the government called Officer Richards as a witness prior to calling Fredericks and Perinon to the witness stand.  After Fredericks and Perinon testified,[3] the government sought to recall Officer Richards as a witness during its case

---

[2] The Court notes that sufficient evidence was presented at trial for a reasonable jury to conclude that Defendant had knowledge of the gun's presence and actually possessed it.  During the government's case in chief, Officer Richards testified that Defendant stated to him that he owned the gun that was located in the vehicle.  App., 58A:9.  Additionally, Fredericks testified that he had previously told the government that he observed Defendant taking the gun from his waistband and placing it under the driver's seat. App., 161A:7 - 14.

[3] Fredericks testified during direct examination that he did not see Defendant with a gun.  App., 160A:19 - 161A:6.  Perinon testified during direct examination that she had not been previously questioned by law

8

in chief, to impeach the testimony of both Perinon and Fredericks through their prior inconsistent statements.  App., 198A:17 - 201A:1.  The defense objected and suggested that the appropriate time to call rebuttal witnesses would be at the time the defense had presented its case and rested.  App., 200A:20 - 201A:1.  The government recalled Officer Richards after the defense rested, to impeach the testimony of Perinon and Fredericks.

The government was entitled to impeach its own witnesses and it is well settled that the order of the reception of evidence lies largely in the discretion of the trial judge.  See United States. v. Montgomery, 126 F. 2d 151 (3d Cir. 1942); Fed. R. Evid. 607.  The Court's decision to allow the government to reopen it case in chief was discretionary, based on the timeliness of the request, the character of the testimony and the government's explanation for such request.  See United States v. Coward, 296 F.3d 176, 181 (3d Cir. 2002).  The Court finds that there was no abuse of discretion in this case with respect to the Court's decision to allow for the government to recall Officer Richards as a witness after the defense rested.  Even if the Court erred in permitting the government to reopen its case in chief after the defense rested, Defendant is not entitled to a new trial under the circumstances of this case because Defendant was not irreparably prejudiced and a miscarriage of justice did not result from the admission of Officer Richard's testimony.  Furthermore, the Court finds that the jury verdict was not contrary to the weight of the evidence and allowing the government to reopen its case in chief constitutes harmless error, if any.

---

enforcement regarding whether she lent her car to anyone else who could have placed the gun in her car besides Defendant.  App., 181A:3 - 25.

9

*3.  **Government's Failure to Provide Statements***

Defendant's final argument is that the government attorneys did not fulfill their obligations under Federal Rules of Criminal Procedure 26.2 and the Jenks Act, 18 U.S.C. § 3500, to furnish certain materials to the defense.  Specifically, Defendant contends that the government failed to produce a statement that was provided to Officer Richards or a report that was prepared by him.  The government contends that all Jenks Act material was in fact provided to Defendant.

The Jenks Act provides that, after a government witness has testified on direct examination, the government must produce any statement of the witness in its possession "which relates to the subject matter as to which the witness has testified."  See 18 U.S.C. § 3500.  Pursuant to Federal Rules of Criminal Procedure 26.2(f), a statement is defined to mean: (1) a written statement that the witness makes and signs, or otherwise adopts or approves; (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of recording; or (3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

Defendant argues that Officer Richards made a report that Perinon had knowledge that Defendant had a firearm and no such report was provided to the defense.  When the government recalled Officer Richards to impeach the testimony of Perinon and Fredericks, he testified about the written statements that he received from Perinon and Fredericks:

> Q. Now, did you ever have a chance to meet with Arrifa
>    Perinon and her brother Rashawn Fredericks?
> A. Yes.
> Q. Okay, why did you meet with them?

10

A. To give --

Q. Could you please look at the members of the Jury

when you speak?

A. To get a statement from them.

Q. What did you get from each one of those

individuals?

A. That they had knowledge that Damion Bell did have a

firearm.

App., 250A:10 - 21.

On the one hand, Officer Richard's testimony may be interpreted to mean that Perinon provided him with a explicit statement declaring that she had knowledge that Defendant possessed a firearm.  However, Richard's testimony may also be interpreted to mean that, based on Perinon's statements, he deduced that she had knowledge that Defendant possessed a firearm. Nowhere in the record does Officer Richards explicitly state that he wrote a report or was provided a statement that Perinon had knowledge that Defendant had a firearm.  Moreover, the government maintains that there was no such report created by Officer Richards or statement provided by Perinon.

On July 24, 2008, a discovery letter listing all discovery sent to the defense was electronically filed and sent to Attorney Patricia Schrader-Cooke.  See Notice of Discovery Letter (Docket No. 58).  Listed in that letter were all the reports made by Officer Richards.  Id. The letter also included statements from Perinon and Fredericks that were taken by Officer Richards.  Id.  Based on the record, the Court finds that the government has met all discovery

obligations under Federal Rules of Procedure 26.2 and 18 U.S.C. § 3500.

## IV. CONLUSION

For the reasons stated above, Defendant's Motion for Judgment of Acquittal or, in the alternative, Motion for New Trial is **DENIED**.

**ENTERED this 27th day of May, 2009.**

_____/s/_____
**HONORABLE RAYMOND L. FINCH**
**SENIOR U.S. DISTRICT JUDGE**

12